IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THRIXXX SOFTWARE GMBH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| JOHN DOE and | § | |
| BREAK MEDIA | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

In this Complaint, Plaintiff ThriXXX Software GmbH ("TSG") asserts claims against Defendants John Doe and Break Media for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* TSG seeks actual damages caused by Defendant and its profits attributable to such infringement in accordance with 17 U.S.C. § 504(b). In addition, TSG seeks a permanent injunction restraining Defendant from further infringing its gaming software.

I. PARTIES

1. Plaintiff TSG is a limited liability company formed under Austrian law and headquartered in Innsbruck, Austria, but doing business in Texas and, in particular, within this Judicial District. TSG is the sole owner of the gaming software at issue in this lawsuit.

2. Defendant Break Media is a California business entity headquartered at 5757 Wilshire Blvd., Suite 300, Los Angeles, CA 90036. On information and belief, Break Media maintains a Texas office in Dallas, within this Judicial District. Break Media does not maintain a registered agent for service of process in Texas.

3. Defendant John Doe is believed to reside or be headquartered in Italy, with a business presence in the United States. John Doe is a developer of copyright-infringing gaming software who goes by the aliases "mario295," "K17" and "Mysterios." Co-defendant

Break Media possesses information as to John Doe's identity. Upon learning John Doe's identity, Plaintiff will effect service of process on him and will name him in this lawsuit.

## II. Jurisdiction and Venue

4. This action arises under the copyright laws of the United States under the Copyright Act, 17 U.S.C. §101 et *seq.* This Court has subject-matter jurisdiction over this action in accordance with 28 U.S.C. §§ 1331, 1338(a).

5. This action involves diversity of citizenship. This Court has subject-matter jurisdiction over this action in accordance with 28 U.S.C. § 1332

6. This Court has personal jurisdiction over Defendants because they actively do business in Texas and offer the infringing software to Texas residents who seek on-line, downloadable and interactive gaming.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because in this judicial district a substantial part of the events or omissions giving rise to the claim occurred.

## III. General Allegations

8. Plaintiff TSG develops adult-entertainment gaming software and distributes the same for sale in Europe and throughout the United States. TSG's leading gaming software is "3D SexVilla," which enjoys a substantial market presence in the U.S. TSG has other similar gaming software under different product names.

9. TSG's gaming software consists of over two million program lines. Development time has taken dozens of programmers, hired by TSG, many years to develop.

10. An infringing developer using the alias "mario295" has begun distributing gaming software through Defendant Break Media's website at www.gamefront.com. The gaming software is called "The Klub 17." The infringing developer has distributed several versions of The Klub 17, including V6.2 and V6.3. All versions of The Klub 17 result from copying and replicating without permission the program lines developed by TSG for its

gaming software. The infringing software does not provide any credit to the true copyright holder, TSG.

11. The infringing developer and Break Media have targeted the infringing software to the same market of customers seeking to purchase TSG's gaming software, including customers in this Judicial District. By distributing their software to such customers, they have deprived TSG of potential sales and market share.

12. The infringing developer has used aliases other than mario295, such as "K17" and "Mysterios."

13. On information and belief, Break Media has records of the IP addresses of the infringing developer, financial information such as the developer's receipt of payments, and other information that specifically identifies the developer and links the developer to the aliases Mario295, K17 and Mysterios.

14. On information and belief, mario295 and Break Media make sales revenues and profits from the distribution and related sales activities associated with The Klub 17.

15. On information and belief, Defendants were aware of their infringing activities and of TSG's copyrights in its gaming software. Thus, Defendants have copied and misappropriated TSG's gaming software Works intentionally and, therefore, willfully.

IV. CLAIMS

COUNT I
COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101 ET SEQ.

16. TSG repeats and incorporates by reference all foregoing paragraphs.

17. TSG is the creator and owner of the gaming software, which are original works of authorship fixed in a tangible medium of expression entitled to protection under the Copyright Act, 17 U.S.C. § 101 *etseq*.

18. Defendants had access to and copied TSG's gaming software and either

incorporated identical portions thereof into at least one of their infringing software or made derivative works, and sold, displayed and distributed unauthorized copies or derivative works for financial gain, all in violation of the rights granted to TSG under 17 U.S.C. § 106.

19. Defendants have infringed and continue to infringe TSG's gaming software in violation of 17 U.S.C. §§ 106 and 501(a), by reproducing, distributing, displaying, and selling their infringing software containing TSG's gaming software.

20. On information and belief, Defendant Break Media has a direct financial interest in the infringing acts described herein and the authority to supervise, direct, or otherwise control the actions of the infringing developer and its employees and, therefore, is liable for their acts.

21. By reason of Defendants' infringement of TSG's copyrights, TSG has sustained and will continue to sustain substantial irreparable injury and loss. Unless enjoined, Defendants' acts of copyright infringement will cause TSG continued irreparable injury.

22. By reason of their infringement of TSG's copyrights as alleged above, Defendants are liable to TSG for the actual damages it has incurred as a result of Defendants' infringement and any additional profits of Defendants attributable to the infringement.

## COUNT II
### ACCOUNTING

23. TSG repeats and incorporates by reference all foregoing paragraphs.

24. TSG is entitled to recover any profits of Defendants that are attributable to Defendants' acts of copyright infringement as alleged herein in accordance with 17 U.S.C. § 504(b).

25. The amount of money due from Defendants to TSG is unknown to TSG and cannot be ascertained without an accounting of the value and number of downloads, sales and licenses that are attributable to Defendants' copyright infringement.

## V. REQUEST FOR PERMANENT INJUNCTION

26. Defendants' unauthorized use of the gaming software constitutes copyright infringement under the Copyright Act. As a result, TSG is entitled to a permanent injunction restraining Defendants from further infringing TSG's gaming software or otherwise violating the exclusive rights in TSG's copyrights. Defendants' actions have caused and will continue to cause TSG irreparable harm and have left it with no adequate remedy at law. Moreover, the relief requested will favor the public's interest, TSG is substantially likely to prevail on the merits of its claims, and the hardships imposed on Defendants by the requested injunction will not outweigh the harm to TSG if one is not granted. Accordingly, the Court should enter a permanent injunction restraining Defendants and their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them from further infringing TSG's gaming software or otherwise violating the exclusive rights in TSG's copyrights.

## VI. JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38, TSG hereby demands a trial by jury on its claims alleged against Defendants.

## VII. REQUESTS FOR RELIEF

For these reasons, TSG respectfully requests the Court to:

A. Enter a judgment against Defendants for infringing TSG's copyrights in the gaming software;

B. Issue a permanent injunction enjoining Defendants and their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendants from engaging in the infringing acts;

      C.     Order Defendants and their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendants to identify all third parties to whom Defendants have distributed any type of materials incorporating any of TSG's gaming software;

      D.     Order the impounding and destruction of all materials claimed to have been made or used by Defendants in violation of TSG's exclusive rights in its copyrights that are substantially similar to TSG's gaming software in accordance with 17 U.S.C. § 503;

      E.     Order Defendants to provide an accounting of all sales, revenues, and profits related to Defendants' works that infringe TSG's gaming software in accordance with 17 U.S.C. § 504(b);

      F.     Order Defendants to pay actual damages suffered by TSG and the profits of Defendants attributable to such infringement in accordance with 17 U.S.C. § 504(b);

      G.     Award TSG any other monetary relief to which it is entitled in accordance with 17 U.S.C. §§ 504 and 505;

      H.     Award TSG pre-judgment and post-judgment interest at the maximum allowable interest rate; and

      I.     Grant TSG such other and further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

**SCHMIDT AND HOLMES LLP**
3012 Fairmount St., Suite 100
Dallas, Texas 75201
(214) 520-8292 (Phone)
(214) 521-9995 (Fax)
holmes@shllp.com (E-mail)


         /s/ James Holmes
**JAMES HOLMES**
State Bar Number 00795424